LEE, J.,
for the court.
PROCEDURAL HISTORY
¶ 1. Michael Jason Raven was tried in the Circuit Court of DeSoto County on a two-count indictment charging him with manslaughter and aggravated assault. Raven was convicted of manslaughter and acquitted of aggravated assault. The court sentenced Raven to twenty years in the custody of the Mississippi Department of Corrections with seven years suspended. Raven appeals to this Court asserting that his motion for directed verdict was wrongfully denied. Finding no merit, we affirm."
FACTS
¶ 2. On July 10, 2000, four or five men, with whom Appellant Raven had an altercation with earlier that day, kicked down the front door to his apartment, and Raven opened fire at them with his rifle, killing Christopher Cyphers. Cyphers’s body was found between two parked cars at some distance from Raven’s front door, and shell casings were also found outside Raven’s apartment.
*596 DISCUSSION OF ISSUE
I. DID THE LOWER COURT ERR IN DENYING RAVEN’S MOTION FOR A DIRECTED VERDICT?
¶ 3. Raven contends that the State’s evidence was legally insufficient to support the guilty verdict. Consequently, Raven argues that the lower court erred in denying his motion for directed verdict and refusing his request for a peremptory instruction. When testing the legal sufficiency of the State’s evidence by a motion for directed verdict or a request for a peremptory instruction, the standard of review of each is essentially the same. Dickey v. State, 819 So.2d 1253(¶ 8) (Miss.Ct.App.2002). According to McClain v. State, 625 So.2d 774, 778 (Miss.1993), “the court must review the evidence in the light most favorable to the [S]tate, accept as true all the evidence supporting the guilty verdict, and give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence.” The court will reverse only when reasonable and fair-minded jurors could only find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 4. We find sufficient evidence existed to deny Raven’s motion for a directed verdict. The victim’s body was found between sixty and sixty-five feet away from Raven’s front door, the forensic pathologist testified that the victim died where he was shot, no blood stains were found inside Raven’s apartment, no spent shells were found inside the apartment while four empty casings were found outside the apartment, and witnesses testified that Raven appeared to be aiming at someone while he was shooting and also yelling at someone to “get up.” Viewing this evidence favorably to the State, we find fair-minded jurors had sufficient evidence to find Raven guilty. The lower court had sufficient evidence to deny Raven’s motion for a directed verdict and to refuse his peremptory instruction; thus, we affirm.
¶ 5. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SEVEN YEARS SUSPENDED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.